IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FILED**

RONALD D. VETETO,                    )
                                     )        **AUG 3 1 1999**
          Plaintiff,                 )
                                     )        UNITED STATES DISTRICT COURT
vs.                                  )        NORTHERN DISTRICT OF ALABAMA
                                     )
JEFFERSON COUNTY COMMISSION,         )        CV 95-BU-1476-S
FORMER SHERIFF MELVIN BAILEY,        )
LINN MOORE, JIMMY WOODWARD,          )
ROBERT BROOKS, EARL ROBBINS,         )
EARL PATTERSON, McCRELESS, FARR,     )
PIPPEN, HOLIFIELD, LAMBERT LARSON,   )        **ENTERED**
GLENN, ANDERSON, FIELDS, GARY,       )
ALEXANDER, PATTON, FOREMAN,          )        SEP 0 1 1999
RICHARDSON, ADAMS, FARLEY,           )
WILLIAMS, THRASH, DERAMUS,           )
BREWIS, ROBINSON,  NED WHITEHEAD,    )
STRICKLAND, SARTAIN, LEDLOE, KING,   )
BLACKSHEAR, and ALL DEPUTIES OR      )
EMPLOYEES EMPLOYED AT THE            )
JEFFERSON COUNTY COMMISSION OR       )
JEFFERSON COUNTY SHERIFF'S           )
DEPARTMENT,                          )
                                     )
          Defendants.                )

## MEMORANDUM OF OPINION

The  magistrate  judge  filed  a  report  and  recommendation  on  September  30,  1998,

recommending  that  the  defendants'  motion  for  summary  judgment  be  granted  and  this  cause  be

dismissed  with  prejudice.  Plaintiff  has  filed  objections  to  the  report  and  recommendation

accompanied by an affidavit.[1]

---

[1] Plaintiff filed a second affidavit well after the expiration of time for filing a response to the Magistrate Judge's Report and Recommendation.  The court also notes that plaintiff has failed to serve defendants with a copy of his Objections to the Magistrate Judge's Report and Recommendation or the affidavits in support of those objections, as required by Rule 5 of the *Federal Rules of Civil Procedure.*

78

In objecting to the magistrate judge's finding that he was not denied access to the courts, plaintiff explains in great detail the procedure used at the Jefferson County Jail to allow inmates to request and receive time in the law library. In essence the procedure merely required filling out a form, giving it to a deputy, and waiting for his name to be called. Plaintiff reports that he was able to get extra time in the library by helping other inmates and monitoring the books and that he also took books back to his cell. Plaintiff complains about deficiencies in the system then explains to the court how he has adapted and worked within the system.

In *Lewis v. Casey*, the Supreme Court made it clear that, in order to prevail on a claim that his right of access to the courts has been violated, an inmate must establish prejudice by "demonstrat[ing] that the alleged shortcoming in the library or legal assistance program [or other alternative provided] hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). To establish such prejudice, an inmate "might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id.*

In the present case, plaintiff complains that the he was denied certiorari by the United States Supreme Court in a *Veteto v. United States* 91-CV-0175 (N.D.N.Y.), 95-2024 (2d. Cir.) and *Veteto v. Pennsylvania*, 92-CV-0288 (W.D. Penn.) 95-3580 (3rd Cir.), because "the administration of the Jefferson County Jail refused to make the required photostatic copies of the lower court opinions, decisions, orders, and judgments to append to the petition." Plaintiff's bare allegation that the

2

"administration" refused to make photocopies for him is insufficient to show that any named defendant acted to deny him access to the courts. Plaintiff does not allege that any specific individual "refused" to make the copies for him after he complied with the procedures of the Jefferson County Jail for requesting photocopies and paid the necessary copying fees. While the plaintiff has been determined to be indigent, he has not always been without funds. In 1995 when plaintiff filed a petition to proceed *in forma pauperis* he included a certified statement of the average monthly balance in his prison account for a six month period. At that time, plaintiff had an average monthly balance in his account of $77.50. The defendants state by affidavit that stamps, envelopes, paper and legal pads are available for inmates to purchase in the jail commissary. While the court appreciates plaintiff's desire for a fully equipped, legal sanctuary away from the noisy, crowded, cells and day-rooms of the jail, in which to research and write lengthy legal pleadings, the reality is that plaintiff has not been prevented from setting forth legitimate claims to the court. As evidenced by the pleadings he has advanced throughout the course of the present litigation, he has found sufficient paper and writing instruments with which to effectively advance his claims

Regarding his challenges to the food, plaintiff in his objections claims that he lost forty pounds and was constantly ill while in the Jefferson County Jail because the diet did not include sufficient calcium and vitamins. Defendants submitted copies of menus of the food served inmates at the Jefferson County Jail for a two month period in 1996. Clearly, if plaintiff ate the foods served, he received a nutritionally adequate diet. The Constitution requires only that prisoners be provided "reasonably adequate food" which contains "sufficient nutritional value to preserve health." *Id.; Jones v. Diamond*, 636 F.2d 1364, 1378 (5th Cir.)(en banc), *cert. granted*, 452 U.S. 959, *cert. dismissed*, 453 U.S. 950 (1981), *overruled on other grounds by International Woodworkers of*

3

*America, AFL-CIO v. Champion International Corp.*, 790 F.2d 1174 (5th Cir.1986) ; *Newman v. Alabama* , 559 F.2d 283, 286 (5th Cir. 1977), *rev'd in part on other grounds sub nom Alabama v. Pugh*, 438 U.S. 781 (1978); *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977).   There is no requirement that food be premium quality, fresh rather than canned, or even attractive.  Plaintiff has not presented any facts, such as medical records, to support a claim of weight loss or constant illness which could be directly attributed to an inadequate diet.  Plaintiff's allegations are merely conclusory and insufficient, without more, to state a claim under § 1983.

Petitioner also objects to the magistrate judge's finding that his claim for the loss of property is precluded under *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984), *Daniel v. Williams*, 474 U.S. 327, 106 S. Ct. 662 , 88 L. Ed. 2d 662 (1986), *Davidson v. Canon,* 474 U.S. 344,  106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).  He asserts that he cannot bring a claim pursuant to section 41-9-60, *et seq.*, of the *Code of Alabama* as the putative defendants are county and not state employees.  He is correct in his assessment, however, he still could have brought an action in state court for redress of his claims concerning the loss of property pursuant to Alabama tort law.

In objecting  to the report and recommendation of the magistrate judge, the plaintiff again oftentimes makes bold, sweeping allegations of wrongdoing on the part of the Jefferson County Jail and describes unpleasant and overcrowded conditions, but he has not presented any specific facts as to the individual defendants to dispute the facts presented in the affidavits submitted on behalf of the defendants.  The mere allegation of wrongdoing on the part of defendants is insufficient to survive a motion for summary judgment.[2]

---

[2] By way of example, plaintiff alleges, "My eyeglasses were distorted and broken by the deputy sheriff's [sic] and the JCJ refused to repair or replace them." (Doc. 70, p. 7).  Plaintiff fails to provide the requested detail necessary to defeat summary judgment. He does not state how they were broken, when they were broken, who broke them, and who refused to repair or

4

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that all defendants, including the Jefferson County Commission are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 31st day of August, 1999.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE

---

replace them.

5